interested and own one-half of the charter.    If the agreement stopped there, it would be a conveyance to Henderson of a half interest, release him from any obligation to pay that sum, and make each party a half owner.    But it does not end there.    It states a further condition, to the effect that Kohn & Co. will raise or furnish enough capital to build and equip twenty miles of road; and, in case they do not do so in a specified time, upon repayment by Henderson the interest of said J. A. Kohn & Co. shall thereupon cease and determine.    I think this whole agreement shows that both parties considered —certainly Kohn considered—that they had some interest in this railroad enterprise.    That tends to support the view I take that they then regarded themselves as interested in the undertaking, and it showed that the note was practically a memorandum held by them of the amount put in by them into the enterprise of Henderson.    The second note appears to represent funds which, according to Mr. Henderson, were put in to get the building and equipment of this twenty miles of road referred to in the contract.    If so, there was no obligation to repay it on Henderson's part, because it was devoted to the purpose to which J. A. Kohn & Co. intended it should be devoted by this contract.    It seems to me, under all the circumstances, that the defendant is entitled to a verdict, and I therefore direct the jury to·so find."    From the judgment entered in accordance with such opinion plaintiff now appeals.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Rice & Bijur,* (*Nathan Bijur,* of counsel,) for appellant.    *Moore & Moore,* for respondent.

DYKMAN, J.    This is an action on two promissory notes, and the defense is that they never were commercial paper, and were executed by the defendant merely as vouchers for money advanced by the plaintiff and his associates, to be disbursed by the defendant for the promotion of a railroad enterprise in which all the parties were interested, and that there never was any intention or expectation that the notes would be paid.    The testimony produced on the trial, and the circumstances surrounding the transaction, support the theory of the defendant, and the trial judge directed a verdict in his favor.    We concur in the views expressed by the trial judge in his assignment of his reasons for directing a verdict for the defendant, and we find no necessity for any extended remarks at this time.    The judgment should be affirmed, with costs.

---

## NEW YORK, N. H. & H. R. CO. *v.* FRANZ.

(*Supreme Court, General Term, Second Department.*    February 10, 1890.)

EMINENT DOMAIN—APPOINTMENT OF COMMISSIONERS.

An order appointing commissioners to ascertain the compensation to be made for land taken for the purposes of a railroad company, under Laws N. Y. 1850, c. 140, §§ 13-16, will be affirmed, where the evidence shows a necessity for the acquisition of the land for the purposes of the railroad company.

Appeal from special term, Westchester county.

Proceeding by the New York, New Haven & Hartford Railroad Company to acquire title to land for the purpose of widening its road-bed and constructing an additional track.    The act authorizing condemnation proceedings (Laws N. Y. 1850, c. 140, §§ 13–16) provides for the filing of a petition showing the necessity for the acquirement of the land sought to be condemned for the purposes of the railroad company, and for the appointment of commissioners to assess the damages in case of disagreement between the company and the land-owner.    From an order appointing commissioners in this case the defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*L. C. & W. P. Platt,* for appellant.    *Wm. H. Robertson,* for respondent.

DYKMAN, J. This is an appeal by a land-owner from an order appointing commissioners to ascertain the compensation to be made for a strip of land in addition to that already owned by the railroad. The testimony taken before the referee manifests the necessity for the acquisition of the additional land proposed to be taken under this proceeding, and the statute authorizes the acquirement of the land for the purposes proposed. The order should be affirmed, with $10 costs and disbursements.